STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

KENNETH CHAMBERS (NYBN 5559885)
KELLY I. VOLKAR (CABN 301377)
Assistant United States Attorneys

    1301 Clay Street, Suite 340S
    Oakland, California 94612
    Telephone: (510) 637-3704
    FAX: (510) 637-3724
    kenneth.chambers@usdoj.gov
    Kelly.Volkar@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR 21-00351 JSW-1 & 2 |
| Plaintiff, | **UNITED STATES' MOTION *IN LIMINE* NO. 2 TO ADMIT MESSAGES BETWEEN CO-DEFENDANTS** |
| v. | |
| MATTHEW LEE PELTON, | Date: February 13, 2023 |
| Defendant. | Time: 2:00 p.m. |
| | Court: Hon. Jeffrey S. White |

The government requests the Court admit—as relevant, authentic, and non-hearsay—the WhatsApp messages offered by the government as Trial Exhibits 9, 10, 11, and 12. The government is willing to meet and confer with Defendants regarding any Federal Rule of Evidence 106 suggested additions prior to trial.

First, the messages are plainly relevant to the charges in this case of conspiracy to produce child pornography—involving a 10-year-old (Minor Victim 1) and 12-year-old (Minor Victim 2)—production of child pornography, and receipt of the same. Specifically, as some excerpts of the messages provided below demonstrate, the messages are plainly relevant to Defendant's conduct and knowledge. Below are a few examples:

| Defendant Pelton | Time Stamp | Co-Defendant Gharibian |
|---|---|---|
| …I love how subservient you were, me forcing my dick into your mouth down your throat and you're [sic] eyes looking up at me like an innocent little girl getting molested, then it carries into the what if's that make me cum hard | 3/29/2021 1:35:20 AM | |
| … | | … |
| Is she right next to you | 1:46:45 AM | |
| … | | … |
| | 1:46:58 AM | I just have old |
| Go mow Now | 1:47:08 AM | |
| | 1:47:12 AM | Where are you? |
| Front | 1:47:26 AM | |
| | 1:47:37 AM | Cuz you need to be able to give some good breathing |
| Really Ok You better get something new and good | 1:47:55 AM | |
| | 1:48:28 AM | You'll have to take old for now |
| Awe to bad [sic] Why to risky [sic] | 1:49:04 AM | |
| | 1:49:12 AM | Ok if you don't want it That's ok |
| … | | … |
| Where are they? | 1:49:38 AM | |
| | 1:49:58 AM | It's all I have [angry face emoji] One is with me The other is in her bed |
| What is she wearing Are you going to use pinky next to her close maybe reach over and feel a little | 1:51:51 AM | |
| … | | … |
| | 1:52:22 AM | [image of Minor Victim 1 topless in bed] |
| … | | … |
| Make a vid | 1:52:43 AM | |
| | 1:52:47 AM | [angry face emoji] |
| Make a vid | 1:52:52 AM | |
| | 1:52:55 AM | [angry face emoji] |
| Squeeze her chest Now | 1:53:02 AM | |
| | 1:53:05 AM | [angry face emoji] |

| **Defendant Pelton** | **Time Stamp** | **Co-Defendant Gharibian** |
|---|---|---|
| And how dare you cut my angles face out[1] | 1:53:30 AM | |
| | 1:56:40 AM | [video of Minor Victim 1 topless and being fondled by adult hand] |
| Mmmmm good job<br>Love that you pulled the little panties back for daddy<br>So do you want talking or just the sounds<br>Wish you could pull them off<br>Prop her legs up and just get a pick of her laying there<br>Full body with face | 2:00:18 AM | |
| | 2:00:31 AM | Talking and breathing |
| The night I had them down and was pressing har so will never forget that look | 2:00:41 AM | |
| | 2:01:08 AM | [three images of Minor Victim 1 nude and Minor Victim 2 both in bathroom; last image is both nude from waste down with genitals exposed to camera] |
| Ok baby one more get a selfie tipless with her so I can have my taking turns fuxking you both fantasy<br>Mmmm | 2:01:59 AM | |
| | 2:02:12 AM | [video with child sexual abuse material] |
| I like the one of you and [Minor Victim] on the couch both pussies out I like when your [sic] in it too | 2:02:21 AM | |
| … | | … |
| Cheek to her cheek baby | 2:13:31 AM | |
| | 2:15:08 AM | [multiple images involving child sexual abuse material] |
| … | | … |
| Pull that blanket down<br>Rest that big Torrey on her face<br>Daddy wants to cum all over his little girls<br>You want that | 2:18:02 AM | |

---

[1] Based on the context of the conversation and the fact that the prior photograph did not include Minor Victim 1's face, the government believes that "angles" is a misspelling of "angel's."

MOTION *IN LIMINE* NO. 2
Case No. CR 21-0351 JSW         3

| Defendant Pelton | Time Stamp | Co-Defendant Gharibian |
|---|---|---|
| | 2:19:02 AM | [multiple images involving child sexual abuse material] |
| Mmmm I love they pick first one Put it right on her face and smile at the camera for daddy | 2:20:08 AM | |
| | 2:20:40 AM | [image of Minor Victim 1 topless in bed] |
| … | | … |
| Mmm put nipple right next to hers so I can cum on both | 2:21:39 AM | |
| | 2:23:39 AM | [image of Gharibian's nipple touching Minor Victim 1's nipple while she sleeps] |

The WhatsApp messages continue, with both defendants describing a fantasy of defendant Pelton having sexual intercourse with Minor Victim 1.

Second, the WhatsApp messages are clearly authentic. They were obtained from co-defendant Gharibian's cell phone, seized from her on August 23, 2021, and forensically extracted during a search of the cell phone pursuant to a federal search warrant on August 27, 2021. *See* USA00051-00069 (digital forensics report). They have been separately authenticated by co-defendant Gharibian in proffer interviews with the government. The government can authenticate them at trial with either a sponsoring agent's testimony about the search and recovery, or co-defendant Gharibian's testimony, if she pleads guilty and chooses to cooperate with the government. The Federal Rules specify that evidence may be authenticated through "distinctive characteristics and the like" including the "appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances." Fed. R. Evid. 901(b)(4). The burden on the government to demonstrate authenticity is "slight." *United States v. Whitworth*, 856 F.2d 1268, 1282–83 (9th Cir. 1988). The Ninth Circuit requires not conclusive proof, but "only a prima facie showing of authenticity" such that "'a reasonable juror could find in favor of authenticity.'" *United States v. Blackwood*, 878 F.2d 1200, 1202 (9th Cir. 1989) (per curiam) (internal quotations omitted); Fed. R. Evid. 901(a) (authentication satisfied with "evidence sufficient to support a finding that the item is what the proponent claims it is"). "Once a prima facie case is made, the evidence goes to the jury and it is the jury who will ultimately determine the authenticity of the evidence, not

the court." *United States v. Goichman*, 574 F.2d 778, 784 (3d Cir. 1976) (per curiam) (citing *United States v. King*, 472 F.2d 1, 7 (9th Cir. 1973)); *see Whitworth*, 856 F.2d at 1282–83 ("Evidence is admissible under Rule 901(a) once a prima facie case has been made on the issue. At that point the matter is committed to the trier of fact to determine the evidence's credibility and probative force." (internal quotations omitted)). Based on these authorities, and the evidence proffered by the government, there is more than sufficient evidence to establish that the WhatsApp messages are what they purport to be.

Finally, the messages between defendants are not hearsay. As an initial matter, many of these statements would not be admitted for the truth of the matter, but instead for other purposes, such as because they reflect the actions of one of the parties or the effect on the listener, or because they are relevant to the state of mind of the sender or receiver of the message. For example, a number of messages are merely directions from defendant Pelton to co-defendant Gharibian to do things and co-defendant Gharibian's responses to such directions (including angry face emojis, explanations of why she cannot, or responses with images of child pornography). Statements such as "[m]ake a vid," "[p]ut it right on her face and smile at the camera for daddy," or "put nipple right next to hers so I can cum on both" are not hearsay statements at all, but instead these messages—and the responding messages or images—are the acts of defendant Pelton causing co-defendant Gharibian to produce child pornography and direct evidence of their conspiracy to do so.

Furthermore, to the extent the statements contain assertions relevant for the truth of the matter, those assertions made by or between defendants are not hearsay when offered by the government as an opposing party's statement or statements by a coconspirator made during and in furtherance of the conspiracy. *See* Fed. R. Evid. 801(d)(2). Defendant Pelton's messages, such as his reference to "looking up at me like an innocent little girl getting molested," and statements "[l]ove that you pulled the little panties back for daddy," "[d]addy wants to cum all over his little girls," and "get a selfie tipless with her so I can have my taking turns f***ing you both fantasy" are all party opponent admissions and thus any assertions of fact contained within are admissible as non-hearsay. Furthermore, any assertions in co-defendant Gharibian's messages that could be hearsay—such as describing where the Minor Victims are—are both relevant for more than the truth and also coconspirator statements in furtherance of the conspiracy. To qualify as a co-conspirator statement under Federal Rule of Evidence

801(d)(2)(E), it must be "offered against an opposing party" and "[1] made by the party's coconspirator [2] during and in furtherance of the conspiracy." *United States v. Saelee*, 51 F.4th 327, 342 (9th Cir. 2022) (quoting Fed. R. Evid. 801(d)(2)(E)).  The government must make the requisite showing by a preponderance of the evidence. *Id.*  In doing so, the coconspirator statement itself may be considered, as well as the defendant's statements as party admissions, which may provide important context. *Id.*  If independent evidence from the coconspirator statements—such as the party admissions of the defendant—demonstrate the statements are "incriminating" rather than innocuous, then that may demonstrate the existence of a conspiracy and that the messages were made in furtherance thereof. *See id.* at 342–43.  Reviewing the defendants conversation back and forth demonstrates that all statements show by a preponderance of the evidence a conspiracy to produce child pornography and such statements are in furtherance of that conspiracy.  For example, defendant Pelton instructs co-defendant Gharibian to "[m]ake a vid[eo]" and she responds back, his statements are party admissions and may be used in determining whether the statements as a whole demonstrate a conspiracy.

For the foregoing reasons, the government requests the Court admit messages between Defendants captured within Trial Exhibits 9, 10, 11, and 12 as relevant, non-hearsay, and authentic.

DATED: January 30, 2023

Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

  */s/ Kelly I. Volkar*
KENNETH CHAMBERS
KELLY I. VOLKAR
Assistant United States Attorneys